BARBARA HARRINGTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrington v. Commissioner
Docket No. 6887-88.
United States Tax Court
T.C. Memo 1989-573; 1989 Tax Ct. Memo LEXIS 572; 58 T.C.M. (CCH) 476; T.C.M. (RIA) 89573; October 25, 1989. Dennis Brager, for the petitioner. Philip J. Starr, for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's cross motion to dismiss for lack of jurisdiction. The sole issue for decision is whether the notice of deficiency was mailed to petitioner's "last known address" within the meaning of section *573 6212(b) [1]. Respondent determined a deficiency of $17,983.10 in petitioner's Federal income tax for taxable year 1981, together with an addition to tax under section 6653(a)(1) in the amount of $899.16, and an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on $9,080.00 of the underpayment. A notice of deficiency, reflecting the foregoing determination, was sent to petitioner by certified mail on November 28, 1984. The notice was mailed to 3400 North Ocean Drive, Apartment 1902, Riviera Beach, Florida 33404 (Riviera Beach address). The Riviera Beach address was reported by petitioner on her 1981 income tax return filed with respondent on June 14, 1982. The envelope containing the deficiency notice was returned to respondent on December 4, 1984 and bore the notation: "RETURNED TO SENDER ATTEMPTED NOT KNOWN" In October 1982, petitioner began traveling around the country, and she continued to travel for approximately *574 a year and a half. Before she began to travel, petitioner informed the United States Post Office in Riviera Beach, Florida of a change of address. The forwarding address that petitioner gave to the Riviera Beach Post Office was the address of a friend who resided at 1309 Osbourne Avenue, Roslyn, Pennsylvania. Petitioner received mail from her friend in Roslyn, Pennsylvania very sporadically and did not receive any mail during 1984. Petitioner testified that her friend "got tired of getting mail, I think, and started to throw it out." Sometime during 1984, petitioner ended her travels and settled in King of Prussia, Pennsylvania. On December 16, 1983, respondent sent a letter to petitioner at the Riviera Beach address requesting information concerning petitioner's 1981 income tax return. The envelope containing the letter was returned to respondent in December 1983, bearing the following notation: HARRINGTON, 1309 OSBOURNE AVE. C/O BREDT, ROSLYN, PA 19001 On September 4, 1984, respondent sent a Request for Information in Accordance with the Postal Manual (Form 4759) to the United States Postal Service in an effort to ascertain petitioner's address. The information request *575 was returned to respondent and indicated that petitioner's forwarding order had expired. The Postal Service was unable to supply respondent with a new address for petitioner. On September 7, 1984, respondent generated a computer printout listing petitioner's address as the Riviera Beach address. Petitioner had no contact or communications with respondent from 1982 through 1984. As of the date that the statutory notice was mailed, petitioner had not notified respondent that her address was any different from that provided on her 1981 return. Petitioner did not file any subsequent tax returns until after respondent mailed the statutory notice of deficiency. Petitioner filed her 1982 income tax return in 1987. It is well settled that to maintain an action in this Court, there must be a valid notice of deficiency and a timely petition. ; . A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b)(1). Receipt of a statutory notice is immaterial if in fact it was *576 mailed to the taxpayer's last known address. , affg. on other grounds ; ; , revg. and remanding a Memorandum Opinion of this Court; ; ; ; ; . While respondent must exercise reasonable diligence in ascertaining a taxpayer's correct address, he is entitled to treat the address appearing on a taxpayer's most recently filed return as the last known address in the absence of clear and concise notification from the taxpayer directing respondent to use a different address. ; ; *577 ; , affd. without published opinion ; ; ; . Here, petitioner's most recently filed return was the 1981 return, on which she reported her address to be the Riviera Beach address. In support of his Motion to Dismiss, respondent argues that petitioner's petition was not filed within the 90-day period. Petitioner argues that respondent did not exercise due diligence in ascertaining her last known address and failed to mail the statutory notice to her last known address. Petitioner bears the burden of proving that the 1981 notice of deficiency was not mailed to her last known address. , affd. without published opinion ; see ;. *578 Petitioner also bears the burden of proving that respondent was provided clear and concise notification of a new address and that respondent failed to exercise reasonable diligence in ascertaining petitioner's last known address. ; . Petitioner places great emphasis on the fact that a letter sent to petitioner was returned to respondent by the Postal Service with a forwarding address. This letter was returned to respondent nearly a year prior to the issuance of the notice of deficiency. The Ninth Circuit, in determining the validity of a last known address on a notice of deficiency, has consistently emphasized the importance of evaluating the knowledge possessed by respondent at the time the notice was issued. In , the court stated, "It is a question of fact as to what knowledge the IRS acquires concerning the taxpayer's address." See also . In our opinion, the address shown on the returned letter does not constitute *579 a clear and concise direction to respondent to use such address in the future for all purposes. See ; ; . In fact, the evidence presented by petitioner affirmatively shows that the address shown on the returned letter was not her address on the date the notice of deficiency was mailed nor had she ever notified respondent that it was her address. Had respondent mailed the notice of deficiency to the address shown on the returned envelope after the forwarding order to the post office had expired, petitioner undoubtedly would argue that the notice had not been sent to her last known address. Based upon the previously cited precedent, such an argument would have had merit. We also find that respondent did all that he could reasonably do under the circumstances to ascertain petitioner's last known address. Shortly before issuing the deficiency notice, respondent contacted the Riviera Beach Post Office and was informed that the forwarding address had not been updated. Based on this information, respondent *580 acted properly in mailing the notice of deficiency to the Riviera Beach address. For the reasons set out above, we hold that the notice of deficiency dated November 28, 1984, was mailed to petitioner at her last known address and that petitioner has failed to establish that the notice is invalid. We further hold that because petitioner filed her petition more than 90 days after the notice was mailed, the petition is untimely and we have no jurisdiction under section 6213(a). Accordingly, we grant respondent's motion to dismiss for lack of jurisdiction and deny petitioner's motion to dismiss for lack of jurisdiction. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩